P & Z PACIFIC, INC., a corporation, and
P & Z Co., Inc., a corporation,
Appellants,

v.

PANORAMA APARTMENTS, INC., and
Ross B. Hammond Co., Appellees.

ROSS B. HAMMOND CO., a corporation,
Appellant,

v.

P & Z PACIFIC, INC., a corporation, and
P & Z Co., Inc., a corporation,
Appellees.

No. 19888.

United States Court of Appeals
Ninth Circuit.

Jan. 25, 1967.

Charles O. Morgan, Jr., of Morgan &
Moscone, Cyril Viadro, San Francisco,
Cal., for P & Z Pacific Co.

William F. White, of White, Sutherland & White, Portland, Or., for P & Z Pacific, Inc., and P & Z Co., Inc.

Denton G. Burdick, Jr., Harold B. Hutchinson, of Hutchinson, Schwab & Burdick, Portland, Or., for appellee Panorama Apartments, Inc.

Walter H. Evans, Jr., William D. Peek, Portland, Or., for Ross B. Hammond Co.

Before HAMLEY, KOELSCH and DUNIWAY, Circuit Judges.

KOELSCH, Circuit Judge.

P & Z Pacific, Inc. and P & Z Co., Inc. (P & Z) contracted to perform the caisson-foundation work on a Portland, Oregon apartment complex. The plans and specifications on which P & Z relied in making its fixed-sum bid included two reports, prepared by an independent soil engineering firm (Dames & Moore), showing the results of seven six-inch test borings made to establish the condition of the subsoil. However, in the course of construction, P & Z encountered numerous subsoil boulders, a condition not revealed by the Dames & Moore samplings. As a result, having sustained costs greatly in excess of those anticipated, P & Z instituted this diversity action against the owner of the project, Panorama Apartments, Inc. (Panorama) and against the general contractor, Ross B. Hammond Co. (Hammond), to recover additional compensation over and above the sum fixed in the subcontract. Hammond, in turn, filed a counterclaim against P & Z, asserting that it had sustained a loss by reason of an eleven week delay in P & Z's completion of the subcontract. The district court denied recovery on both claims.

1. P & Z asserts that it is entitled to an additional sum because the Dames & Moore reports, in failing to forecast the existence of boulders, misrepresented the true condition of the subsoil on the construction site. Although P & Z concedes that the reports were not in any way fraudulent, it contends that it should still recover either on the theory of misrepresentation [Christie v. United States, 237 U.S. 234, 35 S.Ct. 565, 59 L.Ed. 933 (1915); Walla Walla Port District v. Palmberg, 280 F.2d 237 (9th Cir. 1960)] or on the theory of an implied warranty. Hollerbach v. United States, 233 U.S. 165, 34 S.Ct. 553, 58 L.Ed. 898 (1914); United States v. Johnson, 153 F.2d 846 (9th Cir. 1946).

Since this case involves a contract entered into and performed in Oregon, the law of Oregon must be applied. Consequently, the above cited cases are at best persuasive; they are not controlling. At any rate, both the *Christie* and *Walla Walla* cases are inapposite for each concerned information withheld from the complaining party. Here there is an express finding that no information was withheld from P & Z.

But P & Z contends that it should still prevail because, under the doctrine of *Hollerbach* and *Johnson*, where positive material representations made by one party later turn out to be false, the other party can recover on a theory of warranty. P & Z asserts that this same rule has been adopted by the Oregon Supreme Court, where in discussing the *Hollerbach* and *Christie* cases, it said: "The precept laid down there is that a positive, direct statement of fact must be treated as made, and is in the nature of a warranty which must be strictly adhered to * * *." Palmberg v. City of Astoria, 112 Or. 353, 374, 228 P. 107, 113, 229 P. 380 (1924).

Even if we assume that the Oregon courts in the proper circumstances would follow this rule, we must first decide whether the soil reports in this case were the type of specific positive representations which would be necessary in order to constitute binding statements on the parts of Panorama and Hammond as to the nature of the subsoil.[1]

---

1. Recovery was not permitted in the *Palmberg* case because the representations were not sufficiently positive; there were mere approximations. Moreover, the specifications included positive disclaimers of liability by the defendants. Thus we

In this regard the district court expressly found:

"15. Soil reports merely disclosed the nature of the subsoil where the borings were made. As such they were indicative, but only indicative, of the subsoil conditions throughout the construction site. No information was withheld from plaintiffs by defendants. No misleading or incomplete statements concerning the results of the soil reports were made by defendants."

We cannot say that this finding is clearly erroneous. Consequently we are bound to conclude (a) that the soil reports accurately represented the results of the boring tests, and (b) that no representation was made, either expressly or impliedly, that the soil conditions described in these reports would be uniform throughout the construction site.

P & Z acted at its own risk when it assumed, in the absence of any statement to that effect, that the subsoil conditions throughout the site would conform to those accurately represented in the seven Dames & Moore borings. Since "there is no contention that [defendants] misrepresented to the contractor the nature or character of the ground condition as disclosed by these borings," [Inland Construction Co. v. City of Pendleton, 116 Or. 668, 678–679, 242 P. 842, 846 (1926)], the warranty, if any, being limited to the accuracy of the statements concerning the subsoil where the borings were made, was never breached. Accordingly, the judgment of the district court with respect to the claim of P & Z is affirmed.

2. Coming now to the counterclaim, it appears that Hammond claimed that P & Z had orally agreed to complete the work within two months; that the intervention of unanticipated difficulties was no excuse; that at any rate completion was delayed by P & Z's failure to diligently prosecute the work and by its failure to perform the subcontract in a reasonably workmanlike manner.

Although the parties introduced evidence on these issues, the district court summarily dismissed the counterclaim on the "finding" that:

"21. Under the circumstances of the case, even though there is some merit in Hammond's counterclaim for plaintiff's failure to perform its obligations under the contract in a reasonably workmanlike manner, in view of plaintiff's unanticipated difficult task in performance, Hammond should not recover on its counterclaim."

The district court did not find whether the alleged oral agreement was in fact made or, if made, what its terms were, (and of course did not determine whether the parol evidence rule would be applicable); it did not find whether the work was completed in a reasonable time; it did not find whether P & Z performed in a workmanlike manner; it did not find whether P & Z failed to diligently prosecute the work.

Presumably the district court assumed that an Oregon Court would hold that P & Z's unanticipated difficulties in performance discharged the duty to complete the job when promised and thus precluded any claim by Hammond for damages growing out of an asserted delay. If that was the basis for decision, then we must disagree, unless the oral agreement, if any, excuses delays from unavoidable causes beyond the contractor's control.

As the Oregon court itself has said, in a case similar to the one before us: "The mere fact that more rock was encountered than anticipated is a hazard of the business in which plaintiff is engaged." Inland Construction Co. v. City of Pendleton, 116 Or. 668, 679, 242 P. 842, 846 (1926). Moreover, the weight of authority supports the proposition that changed conditions or impracticability of performance do not discharge con-

---

do not know, and do not decide, whether the Oregon court was merely interpreting the Supreme Court cases or was lay-

ing down a rule of law to be followed in Oregon.

**762**

tractual duties. See Kansas Turnpike Authority v. Abramson, 275 F.2d 711 (10th Cir. 1960); Restatement, Contracts § 467 (1932); 6 Corbin, Contracts § 1333 (1962); 6 Williston, Contracts § 1964 (Rev.ed.1938).

Since the reason suggested for the denial is not supported by Oregon law, and since no findings were made sufficient for a proper determination of the counterclaim, the judgment to that extent must be vacated and the matter remanded to the district court for appropriate proceedings consistent with this opinion.

It is so ordered.